RECEIVED

JUN 1 7 2020

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

MARCUS JOHNSON, pro se,                )
                                       )
    Plaintiff,                     )
                                       )
v.                                     )
                                       )
NEPTUNE TECHNOLOGY GROUP, INC.,        )
                                       )
    Defendant.                     )

CASE NO. 2:20-cv-00419-ALB-WC

JURY TRIAL REQUESTED

## COMPLAINT

**COMES NOW** the Plaintiff, Marcus Johnson, pro se, and hereby doth complain against the above-named Defendant, as set forth below.

### I. JURISDICTION & VENUE

1.    Plaintiff, Marcus Johnson, files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court under and by virtue of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et. seq.* to obtain equitable relief, the costs of suit, including fees, and damages suffered by the Plaintiff, due to the Defendant's violation of the FMLA.

2.    Venue is proper in the Middle District of Alabama, Northern Division, since the alleged discriminating actions of Defendant occurred in Tallassee, Alabama.

### II. PARTIES

3.    Plaintiff, Marcus Johnson (hereinafter "Mr. Johnson" or "Plaintiff"), is over the age of nineteen (19) and is a resident of Shorter, Alabama. At all times relevant to this Complaint, Plaintiff was employed by Defendant Neptune Technology Group, Inc.

4.      Defendant, Neptune Technology Group, Inc. (hereinafter "Defendant Neptune Technology" or "Defendant"), does business within the United States Middle District, Northern Division, and is located in Tallassee, Alabama.

## III. FACTS

5.      Mr. Johnson was hired by Neptune Technology in the year 2003 as a machinist.

6.      Mr. Johnson avers that Neptune Technology qualifies as an "employer," as that term is defined in the FMLA, 29 U.S.C. § 2611(4), and that he is an "eligible employee," as that term is defined in the FMLA, 29 U.S.C. § 2611(2).

7.      On or about June 18, 2019, Mr. Johnson developed a sudden and serious stomach virus, and immediately notified Neptune Technology that he needed to be off of work because of the immediate serious of his medical condition.  As a result, Mr. Johnson was out of work on June 19, 2019 because of his medical condition.

8.      Upon Mr. Johnson's return to work on June 19, 2019, Doug Russell, Mr. Johnson's supervisor, and Jill Samuelson, Neptune Technology's HR Director met with Mr. Johnson and informed him that he was suspended for three (3) days.

9.      Mr. Johnson continued to work for twenty (20) days straight without any days off of work.  As a result, Mr. Johnson had reached the point of exhaustion and fatigue and had become ill.

10.      On July 29, 2019, Mr. Johnson informed Neptune Technology of his need to be off of work due to the seriousness of his exhaustion and fatigue.  Mr. Johnson was absent from work on July 29, 2019.  Thus, Neptune Technology well knew about Mr. Johnson's need to take FMLA leave.

11.     Upon his return to work on July 30, 2019, Rob Baker, Mr. Johnson's new supervisor, and Ms. Samuelson met with Mr. Johnson and informed him that he was being terminated.

12.     Mr. Johnson avers that any proffered reason given by Neptune Technology for his termination is pretextual, and that he was actually terminated in retaliation for exercising his right to FMLA leave.  As a result, Mr. Johnson has lost valuable income and benefits.

### IV.  PLAINTIFF'S CAUSES OF ACTION

### COUNT ONE – ANTICIPATORY INTERFERENCE WITH PLAINTIFF'S RIGHT TO FMLA BENEFITS

13.     Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 12, inclusively.

14.     Plaintiff avers that Neptune Technology qualifies as an "employer," as that term is defined in the FMLA, 29 U.S.C. § 2611(4), and that he is an "eligible employee," as that term is defined in the FMLA, 29 U.S.C. § 2611(2).

15.     Plaintiff avers that there was an "entitlement to leave," as that term is defined in the FMLA, 29 U.S.C. § 2612(1), because of the seriousness of Plaintiff's health condition, that Plaintiff's employer knew Plaintiff had an entitlement to leave, but that it prevented Plaintiff from being able to exercise his entitlement to leave, in violation of the FMLA.

16.     As a result of Defendant's interference of Plaintiff's entitlement to FMLA leave, Plaintiff has incurred a loss of wages and benefits.

### PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that this Court grant the following relief:

3

a)      Judgment declaring that Defendant interfered with Plaintiff's right to FMLA benefits;

b)      An award of compensatory damages for lost income and lost benefits, to which Plaintiff may be entitled;

c)      An award of all court costs and fees; and

d)      Such further, other and different relief as the Court may deem appropriate and necessary.

## COUNT TWO – RETALIATION FOR EXERCISING FMLA RIGHTS

17.     Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 12, inclusively.

18.     Plaintiff avers that there was an "entitlement to leave" as defined in the FMLA, 29 U.S.C. § 2612(1), because of the seriousness of Plaintiff's health conditions, which was well known by the Defendant, and that Plaintiff was retaliated against for taking leave, as prescribed in FMLA, to treat his serious medical condition.

19.     Plaintiff avers that he was engaged in a protective activity when he notified the Defendant that he needed to be off of work because of his medical condition.

20.     In a retaliatory move, Defendant terminated Plaintiff after Plaintiff was absent from work due to serious medical conditions.

21.     As a result of Defendant's retaliation, Plaintiff has lost his job and has incurred a loss of wages and benefits.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that this Court grant the following relief:

4

a)    Judgment declaring that Defendant retaliated against Plaintiff for having exercised an FMLA right;

b)    An award of compensatory damages to which Plaintiff may be entitled;

c)    An award of all court costs and fees; and

d)    Such further, other and different relief as the Court may deem appropriate and necessary.

## V. JURY DEMAND

A jury trial is requested on all issues so triable.

Respectfully submitted this ⟨17⟩ᵗʰ day of ~~May~~ June 2020.

Marcus Johnson, pro se

Marcus Johnson
2512 Thornhill Rd NW
Huntsville Alabama 35810

MARCUS JOHNSON

2512 THORNHILL RD N.W.

HUNTSVILLE, AL 35801


VIA DROPBOX

CLERK, USMD

ONE CHURCH ST.

MONTGOMERY, AL 36104

2020 JUN 17 P 2:12
DEBRA P. HACKETT, CLK.
U.S. DISTRICT COURT
MIDDLE DISTRICT, ALA.